# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

EDITHA F. SALVADOR,

    Plaintiff,

v.

BANK OF NEW YORK MELLON, et al.,

    Defendants.

Case No. 2:17-cv-02857-APG-CWH

**ORDER**

Plaintiff Editha Salvador has moved to enjoin a foreclosure sale set for April 27, 2018. She contends that the sale cannot proceed because the March 26, 2018 notice of sale was not recorded within nine months of the April 8, 2016 notice of default and election to sell as required under Nevada law. The trustee under the deed of trust, defendant Quality Loan Servicing Corp., responds that the nine-month time period was tolled because Salvador filed for bankruptcy and the Foreclosure Mediation Program (FMP) certificate for the notice of default only recently issued.

Pursuant to Nevada Revised Statutes § 107.550(1), a "civil action for a foreclosure sale pursuant to NRS 40.430 involving a failure to make a payment required by a residential mortgage loan must be dismissed without prejudice, any notice of default and election to sell recorded pursuant to subsection 2 of NRS 107.080 or any notice of sale recorded pursuant to subsection 4 of NRS 107.080 must be rescinded, and any pending foreclosure sale must be cancelled, if . . . [a] notice of sale is not recorded within 9 months after the notice of default and election to sell is recorded pursuant to subsection 2 of NRS 107.080 . . . ."

Section 107.550(2) tolls this time period under two circumstances potentially relevant here. First, if the borrower files for bankruptcy, the time is tolled "until the bankruptcy court enters an order closing or dismissing the bankruptcy case or granting relief from a stay of foreclosure or trustee's sale." Nev. Rev. Stat. § 107.550(2)(a). Second, if "mediation pursuant to

NRS 107.086 is required," the time is tolled "until the date on which Home Means Nevada, Inc., or its successor organization, issues the certificate pursuant to NRS 107.086 that mediation has been completed in the matter." *Id.* § 107.550(2)(b).

The notice of default was recorded on April 8, 2016. ECF No. 1 at 95. Salvador filed for bankruptcy on October 14, 2016. ECF No. 69-8. Thus, six months passed between date the notice of default was recorded and the filing of the bankruptcy petition. The bankruptcy court dismissed the case on November 5, 2017. ECF No. 69-9. Under the statute, the period from October 14, 2016 to November 5, 2017 is tolled. However, more than four more months passed after November 5, 2017 before Quality filed the notice of trustee's sale on March 26, 2018. Consequently, Quality cannot rely on the tolling during the bankruptcy proceeding without some additional tolling.

The FMP certificate was issued on February 28, 2018 and was recorded on March 8, 2018. ECF Nos. 69-10, 69-11. Quality does not provide any information about what occurred between April 8, 2016 and February 28, 2018. Quality does not present evidence that a request for mediation related to the April 2016 notice of default was requested, when it was requested, that the parties engaged in a mediation, when that mediation took place, or how and when Quality obtained a "court ordered" certificate. *See* ECF No. 69-10 at 10. Quality thus has not yet adequately shown that mediation was required under § 107.086 and, if so, what period of time was tolled as a result. I will allow Quality (or any other defendant wishing to respond) to supplement the record to fill these evidentiary and legal gaps.

IT IS THEREFORE ORDERED that defendant Quality Loan Servicing Corp. (or any other defendant) may supplement the record by 4:00 p.m. on Tuesday, April 24, 2018 to show the nine-month period in called for in Nevada Revised Statutes § 107.550(1) has not expired because of tolling.

DATED this 20th day of April, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE