# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

EDITHA F. SALVADOR,

    Plaintiff

v.

BANK OF NEW YORK MELLON, et al.,

    Defendants

Case No.: 2:17-cv-02857-APG-CWH

**Order Dismissing Case for Lack of Subject Matter Jurisdiction**

Plaintiff Editha Salvador owned property located at 4404 Grey Spencer Drive in Las Vegas. She financed the purchase of the property through an adjustable rate loan that was secured by a deed of trust on the property. After she defaulted on her payments, defendant Bank of New York Mellon (BONY) initiated non-judicial foreclosure proceedings under the deed of trust. In an effort to avoid foreclosure, Salvador filed this lawsuit against BONY, who is the holder of the note and the beneficiary of record under the deed of trust; Quality Loan Servicing Corporation, the trustee under the deed of trust; Select Portfolio Servicing, Inc., BONY's former loan servicer; Bank of America, to whom Salvador previously made loan payments; and Bayview Loan Servicing, LLC, BONY's current loan servicer.

The defendants filed various motions to dismiss the complaint, which I granted. ECF No. 75. I also granted Salvador leave to file an amended complaint. *Id.* Salvador filed her amended complaint asserting claims against the original defendants along with newly added defendants Meridias Capital, Inc., who was the originating lender, and Countrywide Home Loans, Inc., to whom Meridias assigned the note and to whom Salvador made loan payments until Bank of America took over Countrywide.

////

Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction. *U.S. v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Federal district courts have original diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity, meaning the plaintiff cannot be a citizen of the same state as any defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Salvador's amended complaint alleges that both she and defendant Meridias are Nevada citizens. ECF No. 77 at 1-2. Diversity jurisdiction therefore does not exist.

There is also no federal question jurisdiction because the amended complaint alleges only state law claims. *See* 28 U.S.C.§ 1331 (granting federal district court jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States"). The amended complaint is not clear about the legal basis for Salvador's claims, but what she complains about arises under state law, including whether a valid contract was formed, whether assignments were valid, whether the note and deed of trust were irreparably split, whether the loan was predatory,[1] and whether companies were properly licensed to do business under Nevada law. Salvador mentions RICO in her prayer for relief, but she does not come close to making factual allegations that would support a colorable federal RICO claim. *See Oneida Indian Nation v. Cty. of Oneida*, 414 U.S. 661, 666 (1974) (dismissal for lack of subject-matter jurisdiction appropriate when the purported federal claim is "so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal

---

[1] I previously dismissed with prejudice Salvador's federal claims that were based on similar allegations of predatory lending. ECF No. 75 at 6-7.

controversy."); *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (stating the elements of a federal civil RICO claim are "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'" (quotation omitted)).  I set forth in my prior order what Salvador would have to allege to state a plausible RICO claim. ECF No. 75 at 11.  She thus was on notice about that claim's elements but failed to allege any facts that would remotely support such a claim.

Even if I could retain these state law claims based on supplemental jurisdiction under 28 U.S.C. § 1367(a), I decline to do so.  I may decline to exercise supplemental jurisdiction over a state law claim if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).  Should one of these factors be present, I consider whether continuing to exercise supplemental jurisdiction promotes economy, convenience, fairness, and comity. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).  Whether to decline the exercise of supplemental jurisdiction under § 1367(c) lies within my discretion. *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1090 (9th Cir. 2008).

I have dismissed with prejudice the only federal claims that supported original jurisdiction.  And Salvador has added a non-diverse defendant, so diversity jurisdiction does not exist.  The remaining claims involve purely state law questions, including matters of state interest such as Nevada licensing of entities operating in the state and the significance of their alleged failure to do so.  This case is still at the pleading stage, so concerns about economy or

convenience are not implicated.  I therefore decline to exercise supplemental jurisdiction over the amended complaint, and I dismiss this case without prejudice to Salvador pursuing her claims in state court.

IT IS THEREFORE ORDERED that this case is DISMISSED for lack of subject matter jurisdiction and because I decline to exercise supplemental jurisdiction.  The clerk of court is instructed to close this case.

DATED this 13th day of March, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE